## ORIENT INSURANCE COMPANY
## v.
## HENRY T. KEMP.

*Contracts—Agency—Pleading—Failure of Consideration—Statute of Frauds.*

In an action against an insurance company brought by a discharged agent to recover money paid by the plaintiff at the time of his appointment to settle the account of his predecessor, it is *held:* That the evidence fails to show an agreement for the plaintiff to act as the permanent agent of the defendant; that the judgment for the plaintiff can not be sustained under the common count for money had and received; and that, at most, there is but a partial failure of consideration.

[Opinion filed September 21, 1888.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. D. J. SCHUYLER, for appellant.

Messrs. SPRIGG & ANDERSON, for appellee.

WALL, P. J. The appellee recovered a judgment in the Circuit Court for $267.25 upon, substantially, the following facts:

One Nichols had been the agent of appellant at Quincy and had fallen behind in his accounts. The appellant, through Noble, a special agent, was pressing him for a settlement. He had been doing a general real estate and insurance agency business, and, besides the appellant, he represented four or five insurance companies. He became anxious to sell out and was negotiating with the appellee, Kemp, who was without experience in the business. The evidence is conflicting as to the part Noble took in this negotiation, but according to the version of appellee, he urged him to make the trade with Nichols and induced him to believe that he would be retained as the agent of appellant and that it was not the habit of appellant to change agents without good cause. This is denied by Noble, but it is not doubtful that he, Noble, was encouraging appellee to buy out Nichols, the motive being to collect through appellee the amount due the appellant from Nichols.

Appellee finally agreed with Nichols to buy the business, including all the real estate and insurance matters, for the sum of $900, of which the amount due from Nichols to appellant, $267.25, he paid to appellant, pursuant to an order drawn upon him by Nichols in favor of the appellant.

Appellant, before receiving this money, sent him a commission to act as its agent at Quincy. This commission specified no time during which the agency should continue, and there is no evidence aside from the statement of the appellee as to any understanding in this respect. It may be stated here that he insists the appellant refused to appoint him unless the arrangement was made by which the balance due from Nichols was paid, in effect, as it was. This is denied by appellant.

Appellee conducted the agency for six months, when appellant transferred it to another, and appellee surrendered his commission. No particular reason appears for this action of appellant though there is some proof that appellee had not succeeded very well, and there is also some proof that the change was made to favor a friend of an official of the appellant company. Appellee brought suit to recover the amount paid to appellant, alleging in the special counts of his declaration

that, in consideration of the payment of said sum, the appellant agreed to appoint him its agent " and that such appointment should be permanent."

We think the evidence wholly fails to show any such agreement. Even if the commission, which he accepted as his sole authority to act as the agent of the company, should not be regarded as the contract between the parties, there is not enough in the preceding negotiations to justify the view that there was any agreement as to the term of the agency.

At most, there was but an expectation on his part that he could retain the position while he chose; but this is too indefinite to form the basis of a judgment. He accepted the commission, however, which was wholly silent on this point and under which he was at liberty to resign at pleasure. He must have understood the rights of himself and the company were mutual in this respect and that there was no intention or purpose to make the term definite. He no doubt was willing to take the risk of an early removal. The proof does not sustain the material averments of the special counts.

We omit consideration of what would be the reasonable meaning of the word " permanent " in such a connection, and of the proposed application of the statute of frauds to the contract if it were subject to be construed as contended for by the appellee.

It is argued on behalf of appellee, that the money may be recovered under the common count for money had and received. The evidence does not support such a recovery. It does not appear the money was obtained by fraud or through imposition or by any undue advantage.

If the claim is to rest upon the ground of money paid upon a consideration which has failed, the conclusive answer must be that, at most, there is only a partial failure, while here is a judgment for all; for the agency was enjoyed during a period of six months and there is no reason for the view that the money paid to the appellant was a fair proportion for that part of the Nichols business which was represented by the agency of the appellant company. The case at best is one where the contract was partially executed and where, as the

parties can not be placed *in statu quo*, the remedy is to be had only under a special count upon the contract. 2 Greenl. Ev., Sec. 124.

In any view we are able to take of the case, the judgment is erroneous. It is therefore reversed and the cause remanded.

*Reversed and remanded.*